UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **ARMANDO GARCIA,** *et al,* | § | |
| | § | |
| *Plaintiffs*, | § | |
| **VS.** | § | **CIVIL ACTION NO. L-07-121** |
| | § | |
| **KIMBERLY-CLARK DE MEXICO, S.A.** | § | |
| **DE C.V.,** *et al,* | § | |
| | § | |
| *Defendants.* | § | |

<u>**ORDER**</u>

Pending before the Court is the motion of Kimberly-Clark de Mexico, S.A. de C.V. ("KCM"), Abraham Alvarez Zuniga ("Alvarez"), and Kimberly-Clark Worldwide, Inc. ("KCWW") to Dismiss for Insufficient Service of Process pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5). [Dkt. No. 7]. For the reasons stated herein, the Court **GRANTS** Defendants' motion.

## I.    BACKGROUND

On October 3, 2007, Plaintiffs Armando Garcia and Graciela Carreon filed an original complaint against KCM and Alvarez, alleging that minor Ana Karen Garcia Carreon lost her life as a result of a motor vehicle accident caused by the negligence of Alvarez while driving "an 18-wheeler truck owned by [KCM], a Subsidiary of [KCWW]." [Dkt. No. 1 ¶¶ 13, 14, 15]. Plaintiffs also allege that as Alvarez's employer, KCM "would be liable to the Plaintiffs for any and all damages caused by [Alvarez's] negligence" under the respondeat superior theory of liability. [*Id.* ¶ 14]. Plaintiffs assert causes of action under the Texas Wrongful Death and Survival statutes. [*Id.* ¶ 16].

1 / 7

The District Clerk issued two sets of summons after the Complaint was filed.  The first set included two summons for service, issued on October 5, 2007:  one for service on "[KCM], a Subsidiary of [KCWW] through its Registered Agent CT Corporation System . . . ", [Dkt. No. 3], and the other for service on "Abraham Alvarez Zuniga through his employer Kimberly-Clark's Registered Agent CT Corporation System . . . ", [Dkt. No. 2].  Two more summons were issued on October 26, 2007:  one for service on KCWW doing business as KCM through its Registered Agent CT Corporation System, [Dkt. No. 6], and another for service on "Abraham Alvarez Zuniga through his employer [KCWW] d/b/a [KCM's] Registered Agent, CT Corporation System . . .", [Dkt. No. 5].

On November 28, 2007, Defendants filed a Motion to Dismiss Complaint for insufficient service of process.  [Dkt. No. 7 (citing Fed. R. Civ. P. 12(b)(4) & (5)].  Plaintiffs did not file a response.  In fact, on January 3, 2008, United States Magistrate Judge Adriana Arce-Flores presided over a telephonic conference in which Stephen F. White, counsel for Plaintiffs,[1] indicated that he did not intend to oppose Defendants' motion to dismiss.  [Minute Entry of January 3, 2008].  Additionally, he stated that there are many Kimberly-Clark corporations with similar names and acknowledged that he needed to file an amended complaint with the correct name of the corporate defendant.  Mr. White indicated that he would do so a few days later.  The Court stated that it would re-set the initial pretrial and scheduling conference once the corrected documents were received.  However, as of this date, Plaintiffs have not filed an amended complaint, a response, or any other documentation with the Court.  Because Plaintiffs failed to respond, Defendants' motion is deemed unopposed.  *See* S.D. Tex. Local R. 7.4.

---

[1] Mr. White was the only individual on the line during the conference—neither his client, nor opposing counsel called in to participate.

## II.      DISCUSSION

To acquire jurisdiction over the person, a court must serve on the person a document, such as a summons, notice, writ, or order.  *McGuire v. Sigma Coatings*, 48 F.3d 902, 907 (5th Cir. 1995).  If service of process is insufficient, a district court may dismiss a case.  Fed. R. Civ. P. 12(b)(5).  On such jurisdictional matters, the plaintiff bears the burden of proof.  *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992) (stating that "once the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity.").

The Federal Rules of Civil Procedure distinguish between service of process for individuals and service of process for corporations.  Pursuant to Federal Rule of Civil Procedure 4(h), service upon a domestic or foreign corporation shall be effected pursuant to the law of the state where the district court is located, or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. 4(h)(1).  Under Texas law, "the president, and all vice presidents of the corporation and the registered agent of the corporation shall be agents of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served."  Tex. Bus. Corp. Act Ann. art. 2.11 (Vernon Supp. 2007).

Service of process for individuals is governed by Rule 4(e), and it provides that a plaintiff may effect proper service of process (1) "pursuant to the law of the state in which the district court is located;" or (2) via personal delivery of the summons and complaint to the individual.  Fed. R. Civ. P. 4(e)(1) & (2).  With these principles in mind, the Court will now analyze whether Plaintiffs effectuated proper service pursuant to the requirements of the Rules.

A.      Service of Process on a Corporation

Defendants first argue that the service of summons is defective because CT Corporation System is not the registered agent for service of process of KCM.  [Dkt. No. 7 at 6 ¶ 13].  As stated above, both federal and Texas law allow summons to be served upon a registered agent.  *See* Fed. R. Civ. P. 4(h)(1)(B); Tex. Bus. Corp. Act Ann. art. 2.11.  For service of process to be valid upon an agent, the individual sought to be served must have actually authorized another to accept service of process on the principal's behalf.  *Lisson v. ING Groep N.V.*, No. 06-50955, 2007 U.S. App. LEXIS 24915, at *5 (5th Cir. Oct. 11, 2007).  Here, Defendants raised a bona fide question as to the propriety of service, thereby shifting the burden to the Plaintiffs to prove that CT Corporation is in fact KCM's registered agent.  *See Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 398 n.11 (5th Cir. 2001) (stating that under Texas law, the plaintiff bears the burden of proving service).  Other than Plaintiffs' representations in the summons, there is no indication that CT Corporation is KCM's authorized agent.  In fact, Luis Humberto Escoto Zubiran, Deputy Director of Legal Affairs of [KCM] testified in an affidavit that "CT Corporation Systems is not the agent for service of process of [KCM]."  [Dkt. No. 7 at 22 ¶ 3].  Plaintiffs have provided no evidence to rebut Defendants' contentions.  Thus, the Court finds that Plaintiffs failed to meet their burden to prove that CT Corporation is the registered agent for service of process of KCM.

Defendants next argue that service is defective because the proper defendant was not named on the summons given that KCWW neither does business as KCM, nor controls any of its operations.[2]  [*Id.* at 6 ¶ 13].  Pursuant to Federal Rule of Civil Procedure 4(a), the summons must

---

[2] Defendants state that KCWW is "a minority shareholder of a Dutch company that is a minority shareholder of a Spanish company that owns a Dutch company that owns another Dutch company that is a minority shareholder of Kimberly-Clark de Mexico S.A. de C.V."  [Dkt. No. 7 at 6 ¶ 13; *see also id.* at 19 ¶ 6, 7].  "Each company has its own management, board of directors and corporate structure."  [*Id.* at 6 ¶ 13].

be directed to the defendant.  As stated above, in both the October 5 summons and in the Complaint, Plaintiffs represented that KCM is a subsidiary of KCWW.  [Dkt. Nos. 3; 1 ¶¶ 4, 11, 12, 15].  Also, the October 26 summons was not directed to KCM but rather to KCWW doing business as KCM.  [*See* Dkt. No. 6].

Defendants argue that where separate corporate identities are maintained, "service of process on a wholly-owned subsidiary does not constitute service of process on a parent corporation."  [Dkt. No. 7 at 5-6 ¶ 12].  Plaintiffs have presented no evidence demonstrating that KCWW does business as KCM or that both corporations are not separate entities.  To sustain service on a subsidiary to a parent, "it must be demonstrated that . . . the two corporations are not really separate entities."  *Allan v. Brown & Root, Inc.*, 491 F. Supp. 398, 403 (S.D. Tex. 1980).  Defendants submitted the affidavit of Steven W. Milton, Assistant Secretary of Kimberly-Clark Corporation, to contest the validity of Plaintiffs' representations.  [Dkt. No. 7 at 19-20].  Mr. Milton testified to the following:  (1) KCWW is not the parent company of KCM, [*Id.* at 19 ¶ 8]; (2) Kimberly-Clark and KCM are operated separately, each has its own board of directors and management, and neither Kimberly-Clark nor KCWW participates in the day-to-day management of KCM's operations, [*Id.* at 20 ¶ 9]; (3) KCM is not a subsidiary of KCWW, [*Id.* ¶ 10]; (4) KCWW does not do business as KCM, [*Id.* ¶ 11]; (5) "neither Kimberly-Clark, nor [KCWW], directly or indirectly, has the right to accept service of process on behalf of [KCM]", [*Id.* ¶ 13]; and (6) "neither Kimberly-Clark, nor [KCWW], directly or indirectly, is the agent for service of process for [KCM]", [*Id.*].  Plaintiffs have presented nothing to challenge these statements.

As Mr. White stated during the telephonic conference with the Magistrate Judge, a number of different corporations carry the Kimberly-Clark name and, per his own admission,

defense counsel informed him that he had named the wrong one in the Complaint.  Nevertheless, Plaintiffs failed to correct their pleadings within the 120-day period[3] to reflect the correct name of the corporate defendant.  As such, the Court finds that service on KMC was defective.

**B.      Summons on an Individual**

Defendants argue that the service of summons on KWCC as the employer of Alvarez is likewise improper and defective for three reasons:  (1) Alvarez was not employed by KCWW and KCWW was not doing business as KCM at any time relevant to the lawsuit; (2) there is no evidence that CT Corporation System, as the registered agent of KCWW, was the registered agent of Alvarez; and (3) Alvarez, an individual, was not served in accordance with Federal Rule of Civil Procedure 4(e)(2).  [Dkt. No. 7 at 7 ¶ 14].  The Court will address each of these arguments in turn.

First, in his affidavit, Mr. Milton testified that "[n]either Kimberly-Clark nor [KCWW], directly or indirectly, is the employer of [Alvarez]."  [*Id.* at 20 ¶ 14].  Plaintiffs have offered no evidence to rebut this.  Second, the Court agrees with Defendants that there is no evidence to demonstrate that CT Corporation was the registered agent of Alvarez.  Third, Rule 4(e) covers service of process for individuals, and it provides two methods for a plaintiff to effect proper service of process:  (1) "pursuant to the law of the state in which the district court is located"; or (2) by delivering "a copy of the summons and of the complaint to the individual personally."[4] Fed. R. Civ. P. 4(e)(1) & (2).  Plaintiffs have failed to make any effort to demonstrate that their

---

[3] In accordance with Federal Rule of Civil Procedure 4(m), Plaintiff has 120 days after the filing of his complaint to effectuate proper service.  Fed. R. Civ. P. 4(m).  Plaintiffs filed their complaint on January 3, 2007.  Thus, January 31, 2008 was their last day to timely serve Defendants.

[4] Federal Rule of Civil Procedure 4(e)(2) provides that the plaintiff may effectuate service of process upon an individual by:  (1) delivering a copy of the summons and of the complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. 4(e)(2).

summons complied with either Texas law or the Federal Rules of Civil Procedure.  Plaintiffs

bear the burden of proving effective service of process; they have not carried this burden.  *See*

*Carimi*, 959 F.2d at 1346.  Consequently, the Court finds that service of process on Alvarez was

similarly defective.

## C.    CONCLUSION

The Court finds that Plaintiffs failed to meet their burden of proving that they served

Defendants in compliance with Texas law and the Federal Rules of Civil Procedure.  Because

Plaintiffs have failed to effectuate proper service, and given that the 120 days to effectuate

proper service have elapsed under the Rules, the Court dismisses this action in its entirety

pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  As such, Defendants'

Motion to Dismiss is **GRANTED**.  The Clerk of the Court is **ORDERED** to mark this case

**CLOSED**.

IT IS SO ORDERED.

DONE this 2nd day of June, 2008, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**